# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                                           **PLAINTIFF**

**V.**                              **CASE NO. 5:19-CR-50011**

**BRION ADAM CAREY**                                                                                    **DEFENDANT**

## ORDER ON OUTSTANDING OBJECTIONS TO THE PSR

Defendant Brion Adam Carey was named in a three-count Superseding Indictment (Doc. 52). Counts One and Two charged Mr. Carey with transporting child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1), and Count Three charged him with accessing a device connected to the internet with the intent to view child pornography, including images depicting a minor less than twelve (12) years of age, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The matter proceeded to trial and on December 12, 2019, a jury found Mr. Carey guilty on each count.

An initial Presentence Investigation Report ("PSR") was filed (Doc. 79), to which Mr. Carey lodged 22 objections (Doc. 82). A Final PSR was filed (Doc. 84). While the Final PSR resolved many of the objections, Objections 1, 3, 4, 5, 6, 8, 9, 12, 13, 14, and 15 remain unresolved. Mr. Carey filed a Sentencing Memorandum arguing that the unresolved objections should be sustained (Doc. 86), and the Government filed a Response. (Doc. 87). A sentencing hearing has been scheduled for May 6, 2020, via videoconference. The parties have agreed that the Court may rule on guideline-determinative objections in advance of sentencing (to streamline and better facilitate the videoconference) based on the unobjected-to facts in the Final PSR, evidence introduced at the trial, and documents attached to the parties' briefing.

## I.  LEGAL STANDARD

"Sentencing courts have wide discretion at sentencing as to the kind of information considered or its source."  *United States v. Lawrence*, 854 F.3d 462, 467 (8th Cir. 2017) (quoting *United States v. Rodriguez-Ramos*, 663 F.3d 356, 364 (8th Cir. 2011)) (internal quotation omitted)).  "Information the court can consider at sentencing includes evidence produced at trial."  *Id.* (citing *United States v. Wintermute*, 443 F.3d 993, 1005 (8th Cir. 2006)).  A district court cannot, however, "rely on objected-to facts contained in a PSR."  *Id.*

"The burden is always on the government to prove that a defendant is subject to a sentencing enhancement."  *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). The government must prove the factual basis for a sentencing enhancement by a preponderance of the evidence.  *United States v. Mitchell*, 825 F.3d 422, 425 (8th Cir. 2016).  If the defendant objects to the factual basis for a sentencing enhancement, and the government fails to present evidence to prove that factual basis by a preponderance of the evidence, it is error to apply the enhancement.  *Id.*

## II.  DISCUSSION

### A.  Objection One

Mr. Carey objects to the following statement found in Paragraph 32 of the PSR: "[T]hrough investigative efforts, it was revealed that the Defendant was involved in an altercation with Lynall and McFerron in late December 2018 and/or early January of 2019 . . . ."  At trial, the Court heard testimony from Alisha McFerron, who stated that on New Year's Day in 2019, Mr. Carey threatened her with a pocketknife by holding it to her throat. Based upon this testimony, the Court concludes that by a preponderance of the evidence,

2

Mr. Carey was involved in an altercation with Ms. McFerron in early January of 2019.. Thus, the Court **OVERRULES** Mr. Carey's objection as to Ms. McFerron. As there was no testimony at trial regarding an altercation with Tammy Lynall, Mr. Carey's objection as to Ms. Lynall is **SUSTAINED**.

### B. Objections Three and Five

Mr. Carey objects to Paragraph 41 of the PSR on the grounds that it incorrectly characterizes the material he possessed as "sadistic and/or masochistic." Relatedly, he also objects to Paragraph 50 of the PSR, which imposes a four-level enhancement for possessing material that portrayed sadistic or masochistic conduct or other depictions of violence. *See* U.S.S.G. § 2G2.2(b)(4)(A). Mr. Carey argues that the images do not portray any violent, sadistic, or masochistic conduct.

Images of adult males penetrating minors are *per se* sadistic or violent. *United States v. Clark*, 780 F.3d 896, 898 (8th Cir. 2015) (quoting *United States v. Pappas*, 715 F.3d 225, 228 (8th Cir. 2013)) (holding that § 2G2.2(b)(4)(A) enhancement applied to defendant's attempt to film himself penetrating a child); *United States v. Malsch*, 217 F. App'x 575, 576 (8th Cir. 2007) ("Images depicting an adult penetrating or attempting to penetrate a minor are per se sadistic . . . ."). The Government's Trial Exhibit Number 9 includes at least two images that Mr. Carey transported or accessed that depict adult males penetrating minors (or attempting to do so). Accordingly, the Court **OVERRULES** this objection and finds that a preponderance of the evidence supports the imposition of the four-level enhancement under U.S.S.G. § 2G2.2(b)(4)(A).

3

### C. Objection Four

Mr. Carey objects to Paragraph 49 of the PSR, which imposes a two-point enhancement for knowingly engaging in distribution of child pornography pursuant to U.S.S.G. § 2G2.2(b)(3)(F). Mr. Carey argues that the proof at trial showed that he sent emails to himself containing child pornography, and he asserts that because he did not email child pornography to another individual, this enhancement does not apply. In the Government's Response to Mr. Carey's Sentencing Memorandum, the Government concedes this objection. Accordingly, the Court **SUSTAINS** Mr. Carey's objection to Paragraph 49 of the Final PSR. The two-point enhancement pursuant to § 2G2.2(b)(3)(F) is not applicable.

### D. Objections Six and Eight

Mr. Carey objects to Paragraph 51 of the PSR, which imposes a five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. *See* U.S.S.G. § 2G2.2(b)(5). The probation officer assessed this enhancement based upon three separate instances described in Paragraphs 64 and 75–78.

Paragraph 64 describes two separate events that occurred in Pennsylvania, both of which were the basis of a 2004 state court felony information that: (1) Mr. Carey recorded a 16-year-old female removing her clothing, and (2) Mr. Carey recorded a 16-year-old male having sex with a 19-year-old female. Mr. Carey asserts that the contents of Paragraph 64 are "factually inaccurate" (Doc. 84-1, p. 4) and insufficient to support the five-point enhancement. In its Response, the Government filed copies of court documents from the criminal case, which the parties have agreed and stipulated that the

Court may consider in ruling of these objections.[1]  Even though the criminal case was adjudicated to a diversion program, the Government argues that the two instances of conduct described in Paragraph 64 equate to production of child pornography, which means that the "pattern of activity" enhancement under U.S.S.G. § 2G2.2(b)(5) applies. Mr. Carey disputes the factual accuracy of paragraph 64, but he does not dispute—as the state court records show—that he admitted to making recordings of the minors at the time.  Instead, he argues that the admitted conduct does not meet the Guideline definition.

     A third instance in the "Other Criminal Conduct" section of the PSR describes a 2009-2010 Pennsylvania State Police investigation in which Mr. Carey was accused of fondling his girlfriend's 8-year-old daughter.  (Doc. 84, paragraphs 75-78).  Mr. Carey "denies any wrongdoing and factually disputes what is delineated in these paragraphs." (Doc. 82, p. 7).  Indeed, the charge of "indecent assault" was dropped by prosecutors who "believed there was not sufficient evidence" to proceed with the case.  (Doc. 84, paragraph78 15).   Although an actual conviction is not necessary for the enhancement to apply, the Court finds the allegations here too specious.  Therefore paragraphs 75-78 may not be used as factual support for the enhancement.

    So, the remaining question is whether the two incidents in paragraph 64 are enough. The "pattern of activity" enhancement provides for a five-level enhancement "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."  U.S.S.G. § 2G2.2(b)(5).  A "pattern of activity involving the sexual abuse or exploitation of a minor" is defined as

---

[1] The parties have agreed that the Court may consider the affidavit of arrest, felony information, and docket sheet attached to the Government's Response to Mr. Carey's Sentencing Memorandum.

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

U.S.S.G. § 2G2.2 cmt. n.1.  The Application Note goes on to define "sexual abuse or sexual exploitation" as:

> any of the following: (A) conduct described in 18 U.S.C. § 2241, § 2242, § 2243, § 2251(a)-(c), § 2251(d)(1)(B), § 2251A, § 2260(b), § 2421, § 2422, or § 2423; (B) an offense under state law, that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States; or (C) an attempt or conspiracy to commit any of the offenses under subdivisions (A) or (B).

*Id.*  "Sexual abuse or sexual exploitation" does not, however, include "possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor."[2]  *Id.*; *see United States v. Ashley*, 342 F.3d 850, 852 (8th Cir. 2003) (holding that the "pattern of activity" enhancement was proper where defendant was convicted of receipt of child pornography and had two prior convictions for sexually assaulting children).  The conduct considered for a pattern of activity enhancement "'is broader than the scope of relevant conduct typically considered under § 1B1.3.'"  *United States v. Ashley*, 342 F.3d 850, 852 (8th Cir. 2003) (quoting U.S. Sentencing Guidelines Manual app'x C, at 373).

The evidence before the Court establishes by a preponderance of the evidence that the pattern of activity enhancement should be applied because the two prior acts described in Paragraph 64 qualify as  production of child pornography under 18 U.S.C. § 2251(a).  The relevant elements of this crime are:  (1) the victim was under the age of

---

[2]  Due to this exception, Mr. Carey's present convictions do not count for the purposes of this enhancement.

eighteen years; (2) the defendant persuaded the minor to engage in sexually explicit conduct or had the minor assist another person to engage in sexually explicit conduct; and (3) the defendant acted with the purposes of producing a visual depiction of such conduct.[3]  Model Crim. Jury Instr. 8th Cir. 6.18.2251(a) (2017).  The affidavit of probable cause asserts that:  (1) Mr. Carey video recorded a 16-year-old female removing her clothing for money; and (2) Mr. Carey video recorded a 16-year-old male having sex with a 19-year-old female.  (Doc. 87-1, p. 1).  The affidavit further states that Mr. Carey admitted making both of these recordings.  *Id.* at 3.[4]  As noted above, Mr. Carey does not deny having made these admissions to law enforcement at the time, nor does he seek to offer testimony or other evidence in support of this objection.  Based on a preponderance of the evidence, the recordings do satisfy the elements described above for producing child pornography under 18 U.S.C. § 2251(a) and the Court concludes that on two previous occasions Mr. Carey engaged in the sexual abuse or sexual exploitation of a minor.  The five-level enhancement under U.S.S.G. § 2G2.2(b)(5) is applicable and Mr. Carey's sixth objection is **OVERRULED**.

---

[3]  The jurisdictional element is not relevant here, as Application Note 1 to § 2G2.2 states that state offenses are to be considered as if they had occurred within land where the United States has territorial jurisdiction.

[4] Based upon these events, Mr. Carey was named in an eight-count Information; two of those counts were for violating Pennsylvania's Sexual Abuse of Children criminal statute, which provides in part that:

> (2) Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act commits an offense.

18 Pa. Stat. and Cons. Stat. Ann. § 6312(b).

Mr. Carey's eighth objection to the inclusion of Paragraphs 75–78 in the PSR is **HELD UNDER ADVISEMENT** until the sentencing hearing.  Even though the alleged facts here are not guideline determinative, the Government says that it wishes to put on proof at the sentencing hearing for the Court's use when considering the § 3553(a) factors.  Mr. Carey objects to the Government's witness (the alleged victim's grandmother) based on Confrontation Clause concerns.  The Court does not see the benefit of proving-up these non-guideline-determinative objections but will defer ruling for the time being.

### E.  Objections Nine, Twelve, Thirteen, Fourteen, and Fifteen

Mr. Carey's remaining objections do not affect his Guideline calculation.  In his ninth objection, Mr. Carey objects to Paragraphs 79 and 80, which detail two separate uncharged incidents where Mr. Carey allegedly acted violently.  The ninth objection will be **HELD UNDER ADVISEMENT** until the sentencing hearing.

As to objections twelve and thirteen, Mr. Carey objects to Paragraph 141 and 142, which state that Mr. Carey should submit to substance abuse treatment and should not possess a medical marijuana card.  Mr. Carey argues that he does not have a substance abuse problem and therefore should not be subject to these conditions.  Mr. Carey, however, does not object to the factual statements in Paragraphs 116–118, which state that he uses marijuana recreationally and that he has previously used methamphetamine.  Thus, the Court finds, based on a preponderance of the unobjected-to facts in the PSR, that these conditions are warranted since Mr. Carey has admitted to illegal drug use in the past.  The Court therefore **OVERRULES** Mr. Carey's objections to Paragraphs 141 and 142.

As to objection fourteen, Mr. Carey objects to Paragraph 145, which states that he should submit to periodic polygraph testing at the discretion of the U.S. Probation Office. "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *United States v. Wiedower*, 634 F.3d 490, 493 (8th Cir. 2011) (internal quotation and citation omitted). Where the record shows that a defendant has not been "candid about his level of involvement with child pornography," a court may impose polygraph testing as a condition of supervised release. *Id.* at 494. At trial, the Court heard testimony that, after he showed child pornography to Ms. McFerron, he made her promise that she would not tell anyone about the images. This testimony reveals that Mr. Carey understood the criminality of his actions and took affirmative steps to conceal those actions. This attempt to conceal his criminal actions supports the imposition of polygraph testing as a condition of Mr. Carey's supervised release. The Court **OVERRULES** Mr. Carey's fourteenth objection and will decide at the sentencing hearing whether to impose polygraph testing as a condition of Mr. Carey's supervised release.

Finally, Mr. Carey's fifteenth objection is that he is entitled to a downward variance. This objection will be **HELD UNDER ADVISEMENT** until the sentencing hearing.

### III. CONCLUSION

Based on these rulings, Mr. Carey's Total Offense Level is 37.

**IT IS SO ORDERED** on this 1st day of May, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE